IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOSEPH WAYNE TICE,<br><br>Plaintiff,<br><br>vs.<br><br>DR. KOHUT, MONTANA STATE PRISON MEDICAL DEPT. (people unknown), and MONTANA STATE PRISON (people unknown),<br><br>Defendants. | CV 17-00058-H-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE |

Plaintiff Joseph Tice filed a Complaint seeking an emergency injunction for medical needs (Doc. 1) and an Amended Complaint alleging Defendants denied him medical treatment for Hepatitis C and a blood clot while incarcerated at Montana State Prison (Doc. 3).

The Court has considered whether Mr. Tice's claims are frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Mr. Tice has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g). Mr. Tice has stated a claim for denial of medical care against Dr. Kohut. As such, dismissal of Dr. Kohut is not appropriate at this time and Dr.

1

Kohut must respond to the Complaint. *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

The Montana State Prison Medical Department and Montana State Prison, however, should be dismissed. The Eleventh Amendment bars suit in federal court against a state and/or state agencies absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq. Thus, the State of Montana and state agencies have Eleventh Amendment immunity from suit in federal court. In addition, States are not "persons" subject to suit for money damages under section 1983. *Will v. Michigan Dep't of State*

*Police*, 491 U.S. 58, 65, 71 (1989). The Montana State Prison Medical Department and Montana State Prison will be recommended for dismissal.

Mr. Tice initiated this action by filing a motion for an order requiring Montana State Prison to send him to inpatient care at a hospital. (Doc. 1.) This filing could be liberally construed as a motion for injunctive relief. Courts may grant preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 65. However, such remedies are "extraordinary and drastic . . . [and] never awarded as of right[.]" *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal citations omitted). When moving for a preliminary injunction, the plaintiff must make several showings: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the equities balance in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). The test is conjunctive, meaning the party seeking the injunction must satisfy each element.

In the Ninth Circuit, courts are to apply a " 'sliding scale approach' " in evaluating the motion, "such that 'serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest.' "

*Arc of Cal. v. Douglas*, 757 F.3d 975, 983 (9th Cir. 2014) (*quoting All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

Other considerations may apply to injunctive relief within the prison context. First, a more stringent standard applies where a party seeks affirmative relief. Ordinarily, preliminary injunctive relief aims to preserve the status quo pending a determination of the case on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009). When "a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, mandatory preliminary relief is only warranted where both the facts and the law clearly favor the moving party and "extreme or very serious damage will result." *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 2009) (internal quotation omitted). Second, the Prison Litigation Reform Act ("PLRA") provides that, with regard to prison conditions,

> [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Therefore, the PLRA "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. California*, 220 F.3d 987, 999 (9th Cir. 2000).

Mr. Tice has not met this standard. Although he has stated a claim for denial of medical care, he provided no evidence to demonstrate a likelihood of success on the merits. Moreover, Mr. Tice is seeking a transfer of his incarceration to a hospital. He has not presented sufficient evidence for the Court to justify a preliminary injunction which would have a significant adverse impact on public safety and the operation of the criminal justice system.

Based on the foregoing, the Court issues the following:

**ORDER**

1. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendant Kohut to waive service of summons of the Complaint by executing, or having counsel execute, the Waiver of Service of Summons.[1] The Waiver must be returned to the Court within 30 days of the entry date of this Order as reflected on the Notice of

---

[1] Montana State Prison and the MSP Medical Department need not respond as they have been recommended for dismissal.

Electronic Filing. If Defendant Kohut chooses to return the Waiver of Service of Summons, his answer or appropriate motion will be due within 60 days of the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

2. The Clerk of Court shall e-mail the following documents to Legal Counsel for the Montana Department of Corrections:

* Complaint (Doc. 2);
* Amended Complaint (Doc. 3);
* this Order;
* a Notice of Lawsuit & Request to Waive Service of Summons; and
* a Waiver of Service of Summons.

Counsel for the Montana Department of Corrections will not be served with a hard copy of these documents.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Mr. Tice <u>shall not</u> make any motion for default until at least seventy (70)

days after the date of this Order.

5. Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

6. At all times during the pendency of this action, Mr. Tice must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

## RECOMMENDATION

1. The Montana State Prison Medical Department and Montana State Prison should be DISMISSED pursuant to the Eleventh Amendment.

2. Mr. Tice's motion for injunctive relief (Doc. 1) should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Tice may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to

---

[2]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Tice is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 6th day of November, 2017.

                           */s/ John Johnston*
                           John Johnston
                           United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

|  |  |
|---|---|
| JOSEPH WAYNE TICE,<br><br>Plaintiff,<br><br>vs.<br><br>DR. KOHUT, MONTANA STATE PRISON MEDICAL DEPT. (people unknown), and MONTANA STATE PRISON (people unknown),<br><br>Defendants. | CV 17-00058-H-BMM-JTJ<br><br>Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |

TO: Legal Counsel for the Montana
Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been filed against an individual you may represent in this Court under the number shown above. A copy of the Complaint and Amended Complaint are attached.

This is not a summons or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

1

If you file the signed waiver, the action will then proceed as if Defendant was served on the date the waiver is filed, but no summons will be served on Defendant and Defendant will have 60 days from the date this notice is sent (see the date below) to answer the Amended Complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to serve the summons and Amended Complaint on Defendant and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 6th day of November, 2017.

    */s/ John Johnston*
John Johnston
United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for

the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOSEPH WAYNE TICE,<br><br>Plaintiff,<br><br>vs.<br><br>DR. KOHUT, MONTANA STATE PRISON MEDICAL DEPT. (people unknown), and MONTANA STATE PRISON (people unknown),<br><br>Defendants. | CV 17-00058-H-BMM-JTJ<br><br>Rule 4 Waiver of the Service of Summons |

TO:   The U.S. District Court for the District of Montana

The following Defendant acknowledges receipt of your request to waive service of summons in this case.  Defendant also received a copy of the Complaint and Amended Complaint.  I am authorized by the following Defendant to agree to save the cost of service of a summons and an additional copy of the Complaint and Amended Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

The above-named Defendant understands that he will keep all defenses or

objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

Defendant also understands that he must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if he fails to so default judgment will be entered against him.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)